UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X          12 CV 4782 (WHP)

BETH LOPEZ,

                Plaintiffs,          SECOND AMENDED
                                              COMPLAINT
     -against-                             AND DEMAND FOR
                                              <u>A JURY TRIAL</u>

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER ANGEL
ADUJAR, SHIELD #21051 AND N.Y.C.
POLICE SERGEANT DANNY DIAZ,
SHIELD #3970, EACH SUED
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,
                Defendants.

--------------------------------------------------------X

    1.   This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States by reason of the unlawful acts of defendants.

JURISDICTION

    2.   This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

PARTIES

    3.   Plaintiff is a resident of New York City, New York County, State of New York.

    4.   At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

    5.   At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6. At al times, the NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9. On or about November 7, 2010, at approximately 7:45 P.M., plaintiff was returning from the grocery store in the Bronx, NY, on her way into her apartment building, when she was seized by the defendant officers, thrown against a gate, and taken into custody.

10. Plaintiff had not committed any crime, but the police claimed they saw her throw drugs to the ground. Upon information and belief, the police may have charged her with possession of marijuana.

11. Additionally, the defendant officers accused plaintiff of trespass at 1425 Grand Concourse, although she presently lived in that building with her boyfriend.

12. Plaintiff pleaded with the officers to knock on the door to Apartment 1B to verify that she lived there, but they refused and arrested her.

13. Once at the precinct, the defendant officers performed a strip-search of plaintiff.

14. Plaintiff spent approximately 24 hours in custody until a judge released her.

15. Upon her release, plaintiff received treatment at St. Barnabas Hospital for a torn ligament in her shoulder.

16. Over the next few months plaintiff received physical therapy for said injury at Bronx Lebanon Hospital.

17. Defendant City has pursued a policy and custom of deliberate indifference to the

rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

18. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

19. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## FIRST CAUSE OF ACTION FOR FALSE ARREST

20. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

21. As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of her right to freedom from deprivation of her liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

22. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

23. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

SECOND CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS
(Excessive Force)

24. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

25. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

26. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

27. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

THIRD CAUSE OF ACTION FOR 'MONELL VIOLATION"

28. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

29. Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain. As such, defendants have violated plaintiff's right to freedom from the use of excessive and unreasonable force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

30. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

## FOURTH CAUSE OF ACTION FOR INVASION OF PRIVACY
### (STRIP-SEARCH)

31. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

32. The strip-search of plaintiff, which involved requiring him to pull down his pants, bend over and spread his cheeks, was a violation of plaintiff's privacy rights as guaranteed by the Fourth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 USC § 1983; and,

2. Enter a judgment, jointly and severally, against defendants for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendants for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4. Enter an Order:

   a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

   b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:  New York, New York
        February 11, 2013

                                **RESPECTFULLY,**

                                    **/s/**

                              **STEVEN A. HOFFNER, ESQ.**
                              Attorney for the Plaintiff
                              325 Broadway, Suite 505
                              New York, New York 10007
                              (212) 941-8330
                              (SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       February 11, 2013

_____/s/_____
STEVEN A. HOFFNER, Esq.
(SH-0585)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X                    12 CV 4782 (WHP)

BETH LOPEZ,

                      Plaintiffs,                    SECOND AMENDED
                                                                                      COMPLAINT
    -against-                                                          AND DEMAND FOR
                                                                                      <u>A JURY TRIAL</u>

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER ANGEL
ADUJAR, SHIELD #21051 AND N.Y.C.
POLICE SERGEANT DANNY DIAZ,
SHIELD #3970, EACH SUED
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,
                                        Defendants.

-------------------------------------------------------X

Steven Hoffner, Esq.
325 Broadway, Suite 505
New York, New York 10007